# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

TERRY SAVALAS JACKSON                                    PETITIONER

V.                                          CIVIL ACTION NO.2:10CV85-WAP-JAD

JAMES BREWER, et al.                                    RESPONDENTS

## REPORT AND RECOMMENDATION

The State of Mississippi has moved to dismiss[8] the petition as untimely filed under 28 U.S.C. § 2244(d). With few exceptions this statute requires that a federal petition for writ of habeas corpus be filed within one year of the judgment of conviction becoming final, with the running of the period of limitations suspended during the pendency of state post-conviction proceedings.

On March 2, 20007 Jackson was sentenced in Panola county pursuant to his guilty plea to a term of nine years with the Mississippi Department of Corrections as an habitual offender and for the sale or cocaine. Under Mississippi law his judgment would have become final not later than thirty days after the sentencing. Therefore, his time to file his federal petition, in the absence of a properly filed state post-conviction proceeding, would have expired on April 1, 2008. A motion for post-conviction relief in the state court was filed by the petitioner after the expiration of the federal period of limitations and is irrelevant. Here Jackson did not file his federal petition until May 10, 2010 or later, more than two years too late.

The petitioner makes an unsupported assertion that the respondents are wrong in their calculations. He also contends that his petition is exempt because he asserts that he is serving an illegal sentence which affects his fundamental constitutional rights. There is no such exception to the period of limitations for filing for federal review of a state criminal conviction.

The undersigned recommends that the petition in this case be dismissed with prejudice because untimely filed.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 14th day of October, 2010.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE